IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MARION ALLEN WHITTEN, JR.,** | |
| **Plaintiff,** | |
| v. | No. 23-CIV-005-JFH-GLJ |
| **McCURTAIN COUNTY JAIL TRUST, et al.,** | |
| **Defendants.** | |

### OPINION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

On February 14, 2023, Plaintiff filed a letter to the Magistrate Judge asking for assistance in locating counsel to represent him in this civil rights action. Dkt. No. 9. Because the Court cannot advise Plaintiff about retaining an attorney, the motion was construed as a motion for appointment of counsel.[1] *Id.*

Plaintiff bears the burden of convincing the Court that his claim has sufficient merit to warrant such appointment. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citing *United States v. Masters*, 484 F.2d 1251, 1253 (10th Cir. 1973)). The Court has carefully reviewed the merits of Plaintiff's claims, the nature of factual issues raised in his allegations, and his ability to investigate crucial facts. *McCarthy*, 753 F.2d at 838 (citing *Maclin v. Freake*, 650 F.2d 885, 887-88 (7th Cir. 1981)). After considering Plaintiff's ability to present his claims and the complexity of the legal issues raised by the claims, the Court finds that appointment of counsel is not warranted. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991); *see also Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

---

[1] Plaintiff is advised that any future requests must be in the form of a proper motion, not a letter. *See* Rule 7(b) of the Federal Rules of Civil Procedure and this Court's Local Civil Rule 7.1(b).

IT IS THEREFORE ORDERED that Plaintiff's motion for appointment of counsel [Dkt. No. 9] is DENIED.

Dated this 28th day of February 2023.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE